UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ALBERTO MARTINEZ ARELLANO,

          Plaintiff,

    -against-

PARC WEST VALET CLEANERS, INC.,
WEST 57 CLEANERS CORP., YUN W
CHOUNG, and MOON CHOUNG,

         Defendants.

Case No.:

**<u>COMPLAINT</u>**

Plaintiff LUIS ALBERTO MARTINEZ ARELLANO ("Plaintiff" or "Mr. Arellano"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants PARC WEST VALET CLEANERS, INC., WEST 57 CLEANERS CORP. ("Corporate Defendants"), YUN W CHOUNG, and MOON CHOUNG ("Individual Defendants") as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This action arises and Plaintiff seeks damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), New York Labor Law § 650 *et seq.* (NYLL), New York State Human Rights Law, NY Exec Law § 296 et. seq (2015) ("State Law"), and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law").

2.     Plaintiff brings this action pursuant to the FLSA and the regulations thereto and NYLL and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions Defendants committed:

      i.     Defendants' failure to pay Plaintiff, who worked in excess of forty (40) hours per week, proper overtime compensation;

ii.   Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195; and

iii.   Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 142-2.4.

3.   Additionally, Plaintiff brings this action to challenge the following discriminatory and retaliatory acts and/or omissions Defendants committed in violation of State Law and City Law:

i.   Defendants' refusal to grant Plaintiff a reasonable accommodation for his disability;

ii.   Defendants' discriminatory termination of Plaintiff's employment because of his disability; and

iii.   Defendants' retaliatory termination of Plaintiff's employment because he requested a reasonable accommodation.

**<u>JURISDICTION AND VENUE</u>**

4.   This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the state and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.   Jurisdiction is conferred on this Court because Plaintiff and Defendants named herein are residents of the State of New York and/or conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under New York State and New York City statutory law.

6.    Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

7.    Pursuant to §8-502(c) of the New York City Human Rights Law, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

### PARTIES

#### *Plaintiff*

8.    Plaintiff is a New York resident who suffers from a disability due to high blood pressure, diabetes, and post-traumatic stress disorder related to a workplace injury.

9.    Plaintiff was at all times an "employee" within the meaning of State Law, protected from discrimination on the basis of disability.

10.    Plaintiff was at all times a "person" within the meaning of City Law, protected from discrimination on the basis of disability.

11.    Plaintiff was an individual with a "disability," as defined by State Law and City Law.

#### *Defendants*

12.    The Company is a dry cleaner and laundry based in New York, New York.

13.    Upon information and belief, the Company is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 356 West 57th Street, New York, NY, 10019.

14.     Upon information and belief, at all times relevant hereto, the Company has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

15.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

16.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

17.   At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

18.   At all relevant times, the Company has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law and City Law.

19.   Individual Defendants are the co-owners of the Company and at all relevant times held supervisory authority over Plaintiff by, inter alia, setting Plaintiff's schedule, assigning tasks to Plaintiff, and taking disciplinary action against Plaintiff. Individual Defendants interviewed and hired Plaintiff.

20.   Upon information and belief, Defendants are a married couple. Plaintiff knew Mr. Choung by a chosen English name, "James."

21.   Defendant "James" made the decision to terminate Plaintiff.

**FACTUAL ALLEGATIONS**

22.     Plaintiff was employed by Defendants to clean clothes from mid-April 2019 until April 2023.

23.     At all times during his employment, Plaintiff was qualified for his position

4

and was able to perform the essential functions of his job.

### Defendants' Wage and Hour Violations.

24.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that Defendants have been violating federal and state law and that Plaintiff has been and continues to be economically injured.

25.     Plaintiff worked six days per week, from Monday through Saturday.

26.     At the beginning of his employment, Plaintiff was scheduled to work from 6:30 a.m. to 5:00 p.m.. However, he stayed until 6:30 or 7:00 p.m. two or three times per week.

27.     Plaintiff sometimes took 20-30 minutes for lunch, but three or four times per week he could not take a lunch break due to his heavy workload.

28.     After April 2022, Plaintiff's schedule changed such that he started work at 6:00 or 6:15 am, took two hours in the middle of the day to attend appointments, then returned to work until 7:30 or 8:00 p.m.

29.     Plaintiff initially earned $700 per week, then received a raise to $800 per week in July 2019. In January 2020 he got another raise to $900.

30.     During the height of the COVID-19 pandemic, Plaintiff's hours were reduced and his pay was cut to $600 per week. During this time, Plaintiff worked from 8:00 am to 2:30 or 3:00 pm Mondays through Saturdays.

31.     Plaintiff's hours and wages gradually increased until he returned to his previous hours and his wages were raised to $700 per week in Spring 2021.

32.     A few months later, Plaintiff received another raise and was making $800 per week.

33.     Every few months after this, Plaintiff's wages were raised by an extra hundred dollars until he was making $1,100 per week.

34.     Plaintiff made $1,100 per week through the end of his employment.

35.     Plaintiff was paid in two separate checks, or sometimes via one check and the rest in cash.

36.     One check was issued by the Corporate Defendant, and the other was a personal check issued by Mr. Choung.

37.     The check from Corporate Defendant was always for $440. Mr. Choung informed Plaintiff that he was being paid $500, but that the check was only $440 due to tax supposedly being withheld.

38.     The remainder of Plaintiff's wage was paid to him in cash before the COVID-19 pandemic started and in personal check afterwards.

39.     Plaintiff was never paid at a rate of one and a half times his regular wage for the hours he worked above 40 per week.

40.     Plaintiff regularly worked more than 10 hours per day, but Defendants never provided him with one additional hour of pay per day at the minimum hourly rate as required by the New York State spread-of-hours law.

### *Notice and Recordkeeping Violations*

41.     Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

42.     Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

43.     Defendants also did not provide Plaintiff with a paystub specifying each of the regular and overtime hours he worked and containing all the other information required under NYLL § 195.

44.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

*Disability Discrimination*

45.     In April 2022, Plaintiff was badly injured with a hot iron by a coworker and went to the hospital for treatment.

46.     The employee who injured Plaintiff was terminated.

47.     Mr. Choung refused to help pay Plaintiff's medical bill for the iron injury.

48.     After the incident, Plaintiff experienced symptoms of post-traumatic stress disorder ("PTSD"), including paranoia.

49.     Plaintiff would change his routes coming into work each morning, believing that he may be attacked by his previous coworker.

50.     Plaintiff's doctor recommended that he be medicated to treat his symptoms, and Plaintiff set up appointments with a psychologist.

51.     Individual Defendants were aware that Plaintiff had high blood pressure, diabetes, and that he was being psychologically treated.

52.     Mr. Choung expressed annoyance with Plaintiff taking time off to attend medical appointments.

53.     On one occasion, Mr. Choung said to Plaintiff: "look at me, I have high blood pressure, and here I am working."

54.     Plaintiff would let Defendants know a week in advance of any of his appointments, then remind Mr. Choung the day before.

55.     Frequently, when Plaintiff asked for time off to attend appointments, Mr. Choung would say: "No, work comes first, sorry."

56.     Mr. Choung initially told Plaintiff that if he had to take time off, he could

take his appointments in the morning. But then after Plaintiff moved his appointments to the morning, Mr. Choung changed his mind and said that the afternoon would be better.

57.     There were several times Plaintiff had to cancel appointments because Mr. Choung refused to let him go.

58.     Three days prior to his termination, Plaintiff provided a list of his upcoming appointments to Mr. Choung. Mr. Choung said, "No, this is not possible, this is too much."

59.     On Saturday, April 15, Defendant "James" terminated Plaintiff, saying that there were "changes coming" for the business and that Defendant "James" wouldn't "need" Plaintiff anymore.

60.     Individual Defendant "James" informed Plaintiff that he had a "plan" for the business, and Plaintiff was not "part of the plan."

61.     Plaintiff was officially diagnosed with PTSD and is taking medication and going to therapy.

62.     In terminating Plaintiff, the Company discriminated against Plaintiff based on his disability and retaliated against him for requesting a reasonable accommodation.

## FIRST CAUSE OF ACTION
### (Overtime Wage Violations under the FLSA)

63.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

65.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek,

and willfully failing to keep required records, in violation of the FLSA.

66.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL Overtime Wage Violations)

67.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

69.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

70.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (NYLL Failure to Notify)

71.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72.     Pursuant to §195 of the NYLL, Defendants were required to provide

9

Plaintiff with a wage notice and statements.

73.     Defendants failed to provide Plaintiff with a proper wage notice and statements in accordance with §195 of the NYLL.

74.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such wage notice and statements, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### (NYLL Spread-of-Hours)

75.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76.     Pursuant to 12 NYCRR 142-2.4, Defendants had an obligation to compensate Plaintiffs for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

77.     Although Plaintiff regularly worked more than 10 hours each day, Defendants failed to compensate Plaintiff for one hour's pay at the minimum wage.

78.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Disability Discrimination and Failure to Accommodate in Violation of State Law)

79.      Plaintiff repeats and realleges all paragraphs above as though fully set forth

herein.

80.     Plaintiff's impairment as described in this Complaint constitutes a disability.

81.     Defendants willfully violated State Law when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of his disability.

82.     As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

83.     As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION
### (Disability Discrimination and Failure to Accommodate in Violation of City Law)

84.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85.     Plaintiff's impairment as described in this Complaint constitutes a disability.

86.     Defendants willfully violated City Law when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of his disability.

87.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

88.     As a proximate result of the Defendants' unlawful acts of discrimination,

Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

## SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of State Law)

89.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation for his disability.

91.     By the acts and practices described herein, Defendants intentionally and willfully violated State Law by retaliating against Plaintiff.

92.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

93.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## EIGHTH CAUSE OF ACTION
### (Retaliation in Violation of City Law)

94.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation of Plaintiff's disability.

96.     By the acts and practices described herein, Defendants intentionally and willfully violated the City Law by retaliating against Plaintiff.

97.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

98.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## NINTH CAUSE OF ACTION
### (Failure to Engage in a Cooperative Dialogue In Violation of City Law)

99.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

100.    By the acts and practices described above, Defendants unlawfully failed to engage in a cooperative dialogue in violation of the City Law.

101.    Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

102.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct; and

F. Plaintiff's costs and reasonable attorneys' fees.

Dated: December 14, 2023
　　　　New York, NY

　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　By:　　*Michael Taubenfeld*
　　　　　　　　　　　　　　　Michael Taubenfeld, Esq.
　　　　　　　　　　　　　　　FISHER TAUBENFELD LLP
　　　　　　　　　　　　　　　225 Broadway, Suite 1700
　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　Phone: (212) 571-0700